UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE:

APPLICATION OF EFG BANK AG FOR AN ORDER UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM VINCENT PAUL CAMPAGNA

Case No. 3:25-mc-00010

January 17, 2025

**MEMORANDUM OF LAW IN SUPPORT OF THE EX PARTE APPLICATION OF EFG BANK AG FOR AN ORDER UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM VINCENT PAUL CAMPAGNA**

HURWITZ SAGARIN
SLOSSBERG & KNUFF LLC
135 Broad Street
Milford, CT 06460
tel. +1 203 877 8000

*Attorneys for Applicant*
*EFG Bank AG*

Applicant EFG Bank AG ("Applicant" or "EFG") respectfully submits this Memorandum of Law in support of its *ex parte* Application for an order under 28 U.S.C. § 1782 ("Section 1782") to take discovery from Vincent Paul Campagna for use in a foreign proceeding (the "Application").

## PRELIMINARY STATEMENT

EFG respectfully requests this Court's expedited assistance under Section 1782 to take the deposition of Mr. Campagna for use in consolidated civil proceedings before the Commercial Court of England and Wales (a part of the High Court of Justice and the "English Court") (the "English Proceedings"). EFG is a defendant in the English Proceedings and faces claims by the Kuwaiti state pension fund, the Public Institution for Social Security ("PIFSS"), that EFG was complicit in the misconduct of PIFSS' former Director General Fahad Maziad Rajaan Al Rajaan ("Mr. Al Rajaan"). Certain of the defendants in the English Proceedings, including EFG, have asserted and will argue at trial that PIFSS was aware of and consented to the receipt of payments and other funds, or at a minimum should have been so aware, such that PIFSS has no viable claims stemming from its purported losses as a result of payments to Mr. Al Rajaan or his associates.

The evidence that EFG has obtained to date in the English Proceedings includes a [REDACTED] (the "Wafra Memo") [REDACTED] Wafra Inc. ("Wafra Inc.") (then known as Wafra Investment Advisory Group, Inc.), a wholly owned indirect subsidiary of PIFSS headquartered in New York. [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED] Mr. Campagna thus has critical information regarding its contents, given that PIFSS has not put forward any witnesses in the English Proceedings who can speak to the

substance of the Wafra Memo. Mr. Campagna is thus uniquely situated to testify on this matter, and he resides in Connecticut. EFG seeks this Court's assistance so that it may issue a subpoena to Mr. Campagna in order to obtain his testimony for use in the English Proceedings.

The Application satisfies all three statutory requirements of Section 1782: Mr. Campagna is found in this District; the evidence is for use in the English Proceedings; and EFG is an interested person in those proceedings because it is a defendant in the English Proceedings. The additional discretionary factors as set forth in *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241 (2004), all support the Court's exercise of its discretion to grant the Application: Mr. Campagna is not a party to the English Proceedings; the English Court generally welcomes Section 1782 assistance; the Application does not violate any English proof-gathering restrictions; and the scope of the discovery sought by EFG is not burdensome. By this Application, EFG seeks only Mr. Campagna's testimony and (in an abundance of caution) any documents he still has in his possession concerning payments to Mr. Al Rajaan.

This Court's urgent assistance is required because the trial in the English Proceedings will start shortly, in March 2025. As discussed further below, EFG has been diligently pursuing disclosure regarding the Wafra Memo, first by seeking discovery directly from PIFSS in the English Proceedings so as to minimize burdens on third parties. When it became apparent in late November 2024 that the disclosures by PIFSS were woefully incomplete, another defendant in the English Proceedings sought discovery directly from Wafra Inc. under Section 1782 in December 2024, and EFG has only just now finalized an agreement with PIFSS to allow EFG's submission to this Court of the relevant documents produced in the English Proceedings upon which EFG's discovery requests are based.

EFG thus respectfully requests that the Court grant *ex parte* relief on an expedited basis by entering the Proposed Order, ideally by **January 24, 2025**, which will authorize the issuance of the proposed subpoenas and set a schedule to resolve any objections.[1]

## STATEMENT OF FACTS

### I. The Parties

Applicant EFG Bank AG is part of a global private banking group headquartered in Switzerland. Declaration of Matthew James Skinner dated January 17, 2025 ("Skinner Decl.") ¶ 7.

Respondent Vincent Paul Campagna is a natural person who resides in Connecticut. Declaration of Darryl G. Stein dated January 17, 2025 ("Stein Decl.") Ex. 3 at 2.

Mr. Campagna previously served as the Chief Operating and Compliance Officer of Wafra Inc. Skinner Decl. ¶ 9. Wafra Inc. is a New York-headquartered investment firm and a wholly owned subsidiary of Wafra InterVest Corporation Ltd. ("WIC"), which in turn is a wholly owned subsidiary of PIFSS, the Claimant in the English Proceedings. Skinner Decl. ¶ 8.[2]

### II. The English Proceedings

PIFSS is a public institution authorized to operate the State of Kuwait's social security system and pension scheme. Skinner Decl. Ex. 1 ¶ 6. PIFSS alleges in the English Proceedings that its former Director General, Mr. Al Rajaan, engaged in corrupt activities between 1994 and

[1] It is neither uncommon nor improper for courts to grant Section 1782 applications *ex parte*. In these instances "the respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012). "District courts may and customarily do resolve applications for discovery pursuant to § 1782 through ex parte proceedings." *In re Hornbeam Corp.*, 2015 WL 13647606, at *4 (S.D.N.Y. Sept. 17, 2015) (collecting cases), *aff'd* 722 F. App'x 7, 10-11 (2d Cir. 2018). Here, if the Application is granted, pursuant to the Proposed Order, Applicant will promptly serve the subpoenas, at which point Mr. Campagna will have the opportunity to object.

[2] On December 2, 2024, the Man Group Ltd. and certain of its affiliates submitted an *ex parte* application to take discovery from Wafra, Inc. (the "Man Group Section 1782 Application") which was docketed on December 5, 2024. *In Re Application of Man Grp. Ltd. et al*, No. 1:24-mc-00559 (S.D.N.Y. 2024).

2015, allegedly procuring unlawful payments of unauthorized secret commissions, leading to damages that PIFSS claims exceed US $950 million. Skinner Decl. Ex. 1 ¶¶ 2, 29.

PIFSS brought several cases against 45 different defendants in England, which have been consolidated as *The Public Institution for Social Security v Al-Wazzan and Others*, CL-2019-000118, in the Commercial Court of England and Wales (a part of the High Court of Justice and the "English Court"). Skinner Decl. ¶ 6.

In addition to Mr. Al Rajaan, the other defendants in the English Proceedings include banks, financial institutions, financial intermediaries, and others alleged to have facilitated, concealed, or disposed of the purported secret commission payments. Skinner Decl. Ex. 1 ¶¶ 14-28H. Specifically, as to the Applicant here, PIFSS alleges that EFG knowingly assisted Mr. Al Rajaan's wrongdoing, which EFG vigorously disputes. *Compare* Skinner Decl. Ex. 1 ¶¶ 26, 30, 32, 41-42 (PIFSS' Re-Re-Re-Re-Re-Re-Amended Consolidated Particulars of Claim), *with* Skinner Decl. Ex. 2 ¶¶ 74A-B (EFG's Re-Re-Amended Statement of Defense).

Neither Mr. Campagna, Wafra Inc., nor WIC are parties to the English Proceedings. Skinner Decl. ¶ 15; *see also* Skinner Decl. Ex. 1 ¶¶ 6-28H (listing the parties).

The extent of PIFSS' (actual or constructive) knowledge of and its consent to Mr. Al Rajaan's payments are central questions in the English Proceedings. Specifically, EFG and other defendants in the English Proceedings contend that, while Mr. Al Rajaan did receive substantial payments in connection with investments made during his tenure as Director General, PIFSS was aware of (or should have been aware of) and consented to such payments. *See, e.g.*, Skinner Decl. Ex. 3 ¶ 36AA.6.1; Ex. 2 ¶ 7A.3.d. Reflecting its importance to the issues to be decided in the English Proceedings, one of the identified and court-approved "Issues for Disclosure" is stated as: "What was PIFSS' understanding of Mr. Al Rajaan's

entitlement to receive, and/or his receipt of, commissions or other payments (including benefits in kind) from financial institutions and/or financial intermediaries and/or introducers in respect of investments made by PIFSS?" Skinner Decl. Ex. 7 at 10.

A trial is scheduled to begin in the English Proceedings in March 2025, which is expected to last around nine months. Skinner Decl. ¶ 4. These imminent deadlines impose a pressing need for the discovery requested here.

On January 14, 2025, EFG and PIFSS entered into a consent order in the English Proceedings allowing EFG to use documents produced by PIFSS by way of disclosure in the English Proceedings to pursue discovery under Section 1782 in the United States and requiring EFG to use its best endeavors to maintain the confidentiality of such documents when making such use of them. Skinner Decl. ¶ 22; Ex. 14. Consistent with that order's terms, EFG notified PIFSS that it intended to use certain documents in commencing this action, and PIFSS requested that EFG submit these documents under seal. Skinner Decl. ¶¶ 23-24; Ex. 15.

## III. The Limited Discovery Sought

Mr. Campagna [REDACTED] PIFSS' knowledge of the disputed payments at the center of the English Proceedings. Skinner Decl. Ex. 6 at 1. When Mr. Al Rajaan retired as Director General of PIFSS, [REDACTED]

*Id.* at 4-5. [REDACTED]

Skinner Decl. Ex. 2 ¶¶ 52, 76J.3-76J.6. [REDACTED]

[redacted]

The Application thus seeks this Court's assistance obtaining deposition testimony from Mr. Campagna. Following his departure from Wafra Inc., Mr. Campagna is unlikely to have any documents concerning the payments at issue—which are being sought from Wafra Inc. in New York—but EFG's proposed subpoena seeks any such documents to the extent that they are still in Mr. Campagna's possession following his departure from Wafra Inc.

PIFSS has not put forward any witnesses in the English Proceedings who could otherwise speak to these issues. Skinner Decl. ¶ 16. While PIFSS has identified two witnesses affiliated with Wafra Inc., [redacted] (and Mr. Healy did not start working at Wafra Inc. until the end of Mr. Al Rajaan's tenure). Skinner Decl. ¶ 16. Mr. Campagna has unique knowledge of these issues, which are central to the English Proceedings.

## ARGUMENT

Section 1782 empowers this Court to assist litigants in obtaining evidence for use in foreign proceedings. The Court is authorized to exercise its discretion to grant an application under Section 1782, provided that the statutory requirements of 28 U.S.C. § 1782 are satisfied: (i) the discovery target is a resident or found in in the jurisdiction in which the application is made; (ii) the discovery materials are for use in a foreign proceeding; and (iii) the applicant

is an "interested person" in the foreign proceeding. 28 U.S.C. § 1782; *Brandi-Dohrn v. 1KB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012).

If these three statutory elements have been satisfied, the Court may exercise its discretion in determining whether to grant the application by considering: (i) whether the discovery target is a participant in the foreign proceeding; (ii) the nature of the foreign tribunal and the receptivity of the foreign court to U.S. judicial assistance; (iii) whether the application seeks to circumvent foreign proof gathering restrictions or other policies; and (iv) the burden of producing the documents sought. *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 264-65 (2004). In exercising this discretion, the Court should consider "the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Brandi-Dohrn*, 673 F.3d at 81.

Thus, a Section 1782 application presents two distinct inquiries: whether the Court is authorized to grant the request, and whether it should exercise its discretion to do so. Here, EFG's request satisfies all three statutory requirements, such that the Court is authorized to grant the application. And, each of the *Intel* factors weighs strongly in favor of granting the application, such that the Court should exercise its discretion to do so.

## I. EFG's Application Satisfies the Statutory Requirements of 28 U.S.C § 1782

### A. Campagna is Found in This District

Physical presence in the "district of the court that issue[s] the discovery order" satisfies the requirement that a discovery target is "'found' in that district" as required by Section 1782. *In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002) (permitting discovery under the statute where the recipient was physically present in the district when served). Publicly available information also establishes that Mr. Campagna's residence is in Ridgefield, Connecticut. *See*

Stein Decl. Ex. 3 at 2. He is thus subject to general personal jurisdiction in this District, which is sufficient to establish that he is found here for purposes of Section 1782. *See In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019). Mr. Campagna resides in this district, and thus the first statutory requirement is met.

**B. The Discovery Sought is For Use in a Foreign Proceeding**

EFG seeks discovery here for use in the pending English Proceedings before the English Court. Skinner Decl. ¶ 5; *see also* Skinner Decl. Ex. 14 (consent order contemplating EFG's use of Section 1782 discovery in the English Proceedings). The English Court and the proceedings before it undoubtedly constitute a "foreign or international tribunal" within the meaning of Section 1782. *See Frasers Grp. PLC v. Stanley*, 95 F.4th 54, 57 (2d Cir. 2024) (no dispute that the statutory requirements have been met where the foreign proceeding was in the High Court of Justice of England and Wales). Moreover, the "for use" requirement is satisfied because the evidence sought here is relevant to the foreign proceedings. *See Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (discovery is "for use" in a foreign proceeding if it will be "employed with some advantage or serve some use in the proceeding—not necessarily something without which the applicant could not prevail"); *see also Brandi-Dohrn*, 673 F.3d 76, 82 (2d Cir. 2012) (court should not consider the discoverability or admissibility of evidence in a foreign proceeding in ruling on a Section 1782 application).

As detailed above, the discovery EFG seeks here will help the English Court resolve key issues in the English Proceedings. [redacted] This is one of the "key issues" in the English Proceedings. *See* Skinner Decl. ¶ 12; Ex. 7 at 10. Mr. Campagna's testimony

about Mr. Al Rajaan's payments, and PIFSS' knowledge or understanding thereof, is clearly "for use" in the English Proceedings.

### C. EFG is an "Interested Person"

Any party to a foreign proceeding is an "interested person" within the meaning of Section 1782. *Intel*, 542 U.S. at 256 ("litigants are included among, and may be the most common example of the "interested person [s]" who may invoke § 1782"); *see also Eco Swiss China Time Ltd. v. Timex Corp.*, 944 F. Supp. 134, 136-37 (D. Conn. 1996). EFG is a defendant in the English Proceedings, Skinner Decl. ¶ 4, and therefore an "interested person." The third statutory requirement of Section 1782 is therefore satisfied.

## II. The Court Should Exercise its Discretion in Favor of Granting the Application

Because the three statutory requirements of Section 1782 have been met, the Court has the discretion to grant the Application. *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 242 (2d Cir. 2018). In exercising this discretion, the Court should consider "the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Brandi-Dohrn*, 673 F.3d 76, 81 (2d Cir. 2012). The Supreme Court, in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004), enumerated four factors that the Court must consider. Here, each factor weighs heavily in favor of granting the Application.

### A. Campagna is Not a Participant in the English Proceedings

The first *Intel* factor asks whether the person or entity from whom the discovery is sought is a participant in the underlying foreign proceedings. This inquiry aims to determine whether the person or entity is within reach of the foreign tribunal, such that discovery *could* reasonably be sought in that jurisdiction and "the need for § 1782(a) aid generally is not as

apparent." *Intel*, 542 U.S. at 264. As a result, if the discovery target is a participant in the foreign proceedings, that weighs against the grant of the application. That is not the case here, where neither Mr. Campagna nor his former employer are parties to the English Proceedings.

Although Wafra Inc.'s ultimate parent corporation, PIFSS, is a party to the English Proceedings, that is irrelevant. PIFSS took the position in the English Proceedings that Wafra "is a separate entity from PIFSS and PIFSS does not have possession or control of its documents." Skinner Decl. Ex. 11 at 4. Even apart from PIFSS' disavowal of its control over Wafra's documents, different corporate entities are considered separately in the Section 1782 context. Rather, "parent companies who are 'participants' to foreign proceedings are considered separate legal entities from their subsidiaries and affiliates for the purpose of Section 1782 motions." *In re Top Matrix Holdings Ltd*., 2020 WL 248716, at *5 (S.D.N.Y. Jan. 16, 2020). Even if information could be obtained in the foreign jurisdiction through the parent company, that does not necessarily weigh against discovery under Section 1782. *Id*.; *In re del Valle Ruiz*, 939 F.3d 520, 523 (2d Cir. 2019) (evaluating Section 1782 request from foreign parent company separately from its U.S. affiliate).

Here, however, the English Court cannot compel testimony from Mr. Campagna. He is outside the English Court's territorial jurisdiction and is not employed by any party to the English Proceedings. [REDACTED] The only tribunal that can reach Mr. Campagna is this one, and this fact weighs heavily in favor of granting the Application.

**B. The English Court will be Receptive to Assistance**

English courts have traditionally been receptive to information gathered through Section 1782 discovery, and there is no reason to believe that the English Proceedings will be any different. English courts have expressly deferred to the Section 1782 process when

declining to order discovery directly, noting that the party can seek discovery in the United States under Section 1782. *See In re Nix v. Emerdata Ltd.* [2022] EWHC 718 (Comm) [23] (Eng.); *see also Yukos Fin. v Lynch* [2019] EWHC 2621 (Comm) [7], [65(i)] (Eng.); *In re Tel. Media Grp. Ltd.*, 2023 WL 5770115 (S.D.N.Y. Sept. 6, 2023) (citing *Soriano v. Forensic News LLC*, Case No. CA-2023-000292) (English court "indicated it was amenable to good-faith Section 1782 discovery").

This authority is more than sufficient to conclude that the second *Intel* factor weighs in favor of discovery. As the Second Circuit has explained, there must be "specific directions to the contrary from the foreign forum" for a trial court to conclude that a foreign tribunal is unreceptive to evidence gathered under Section 1782 under the second *Intel* factor. *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101-02 (2d Cir. 1995).

Indeed, this court and others in the Second Circuit frequently find that English courts' receptivity to evidence gathered under Section 1782 favors discovery under the second *Intel* factor. *See, e.g., In re Nat'l Bank Tr.*, 2021 WL 118531 at *3 (D. Conn. Jan. 13, 2021) ("[Respondent] has not found, nor is the Court aware of, any authority to suggest that the English court would be unwilling to accept discovery under § 1782."); *In re Vale S.A.*, 2020 WL 4048669, at *4 (S.D.N.Y. July 20, 2020) ("[T]he High Court would be receptive to this Court's assistance and there is no evidence to the contrary").

In this case, PIFSS has been aware of the defendants' intent to seek Section 1782 discovery since October 2024, and PIFSS is aware of the Man Group Section 1782 Application currently pending in the Southern District of New York. *See* Skinner Decl. Ex. 12 at 1; Skinner Decl. ¶¶ 19-20. PIFSS could have taken issue with the Man Group Section 1782 Application at a December 18, 2024 case management conference in the English

Proceedings—as it had threatened to—but did not raise the matter with the English Court. Instead, PIFSS entered into consent orders with Man Group and EFG concerning the steps that ought to be taken to maintain the confidentiality of documents produced in disclosure in the English Proceedings. Skinner Decl. Ex. 13 & 14. Consistent with the agreed order between EFG and PIFSS, this Application is filed along with a sealing motion to maintain the confidentiality of the Wafra Memo. *See* Skinner Decl. Ex. 15

### C. The Application Does Not Circumvent Any English Proof-Gathering Restrictions

The third *Intel* factor requires this Court to consider "whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. To be clear, the question is only whether the foreign tribunal prohibits gathering the evidence sought here, not whether this evidence would be discoverable under foreign procedures or whether it would be admissible in the foreign proceeding. *See Brandi-Dohrn*, 673 F.3d at 82; *In re O'Keeffe*, 650 F. App'x 83, 85 (2d Cir. 2016) (Second Circuit law "expressly forbid[s] district courts from considering the discoverability of evidence in a foreign proceeding when ruling on a § 1782 application").

Here, the Application does not implicate any foreign proof-gathering restrictions. Skinner Decl. ¶ 27. EFG is not aware of any restrictions under English law that would prohibit seeking Mr. Campagna's testimony in England. Skinner Decl. ¶ 27. However, because Mr. Campagna is located outside of the jurisdiction of the English Court, the English Court cannot compel his testimony.

While EFG is not required to exhaust its tools for seeking discovery in England before seeking discovery under Section 1782, EFG has been unable to obtain the evidence it needs in the English court. *See Intel*, 542 U.S. at 252-53; *Mees*, 793 F.3d at 303 (rejecting district

court's holding that required a showing that applicant had "first tried and failed" in the foreign court). Here, the defendants in the English Proceedings sought disclosure of Wafra's documents, but PIFSS asserted that the documents were beyond its reach. *See* Skinner Decl. Ex. 11 at 4. As discussed above, the evidence sought here is welcomed rather than prohibited by the English courts, which take a permissive approach to using evidence obtained in other jurisdictions, including through Section 1782 assistance. *See, e.g.*, Skinner Decl. ¶¶ 25-26; Ex. 16 at 41 (noting that, in *South Carolina Insurance Co. v. Assurantie Maatschappij*, the highest court in the United Kingdom held, in a case concerning Section 1782 specifically, that "[u]nder the civil procedure of the High Court the court does not, in general, exercise any control over the manner in which a party obtains the evidence which he needs to support his case").

Because EFG seeks this discovery in good faith, the Court should grant the Application. *In re Belparts Grp., N.V.*, 2021 WL 4942134, at *5-6 (D. Conn. Oct. 22, 2021) (finding third factor met because no "evidence of bad faith from [applicant's] decision to seek § 1782 discovery"); *see also In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135-36 (2d Cir. 2017) (affirming application where no evidence of bad faith). The evidence sought here is highly relevant to the English Proceedings generally and to EFG's arguments, but it is not otherwise available to EFG. *Cf. Mees*, 793 F.3d at 299 ("A request that appears only marginally relevant to the foreign proceeding may in certain cases suggest that the application is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials.").

**D. The Discovery Sought is Narrowly Tailored and not Burdensome**

The final *Intel* factor assesses whether the Application's request for discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The discovery sought by this Application is limited to a single deposition of an individual residing in this district. To the

extent that Mr. Campagna still has any documents in his personal possession, custody, or control concerning the Wafra Memo, the subpoena will also ask him to produce those, but that seems unlikely given that he is a former employee of an SEC-registered investment advisor.

The minimal burden of a single-day deposition here must be assessed in the context of and weighed against the relevance and benefit of the discovery sought. *See Mees*, 793 F. 3d at 302 (holding that fourth *Intel* factor is determined by U.S. discovery standards and applying Fed. R. Civ. P. 26(b) scope limitations). Mr. Campagna's evidence concerning the Wafra Memo is essential to resolving the issues in the English Proceedings, which seek damages of nearly £1 billion. *See* Skinner Decl. Ex. 1 at 2. As such, any potential burden is outweighed by the "likely benefit" of the discovery. Fed. R. Civ. P. 26(b). For this reason, the fourth *Intel* factor also weighs in favor of granting the Application.

## III. The Court Should Expedite Consideration of the *Ex Parte* Application and Any Discovery Granted Thereunder

Given the imminent start of the trial in the English Proceedings, which is set to begin in March 2025, EFG respectfully requests that this Court expedite its consideration of the *ex parte* Application and enter the Proposed Order, which provides for an efficient timeline for resolving any objections to EFG's discovery requests.

As discussed above, U.S. discovery rules govern discovery taken under Section 1782, and this Court should look to its ordinary standards for evaluating a motion for expedited discovery. When considering such a motion, courts in this District apply a "flexible standard of reasonableness and good cause." *See Strike 3 Holdings, LLC v. Doe*, 2017 WL 5001474, at *2 (D. Conn. Nov. 1, 2017) (citing *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013)); *Arista Recs. LLC v. Does 1-4*, 589 F. Supp. 2d 151,

152-53 (D. Conn. 2008) (applying "good cause" standard to request for expedited discovery); 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2046.1 (3d ed. 2011) ("Although [Rule 26(d) ] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.").

Here, there is good cause for expedited discovery. The trial is set to begin in the English Proceedings in March 2025, and the discovery sought by this Application is highly relevant to the issues already identified for consideration in that proceeding. Skinner Decl. ¶¶ 4, 14; *see also* Skinner Decl. Ex. 7 at 9-31. The need for this deposition only became apparent recently, and EFG has acted swiftly to commence this Application. PIFSS produced certain documents voluntarily obtained from Wafra in November 2024, which led the Man Group to seek further documents from Wafra directly under Section 1782 in early December 2024. *See In re Application of Man Grp. Ltd. et al*, No. 1:24-mc-00559, Dkt. No. 3 at 1; Dkt. No. 5 at 8 (S.D.N.Y. 2024). Following that application, EFG, Man Group, and PIFSS negotiated consent orders governing the use of documents produced in the English Proceedings, which were ordered by the English Court on January 14, 2025 (in the case of EFG) and December 20, 2024 (in the case of Man Group). Skinner Decl. ¶¶ 20-22. As contemplated by the agreed order, EFG gave PIFSS notice of the documents it intended to use in this Application on January 7, 2025, and PIFSS provided its position on the same date. Skinner Decl. ¶¶ 23-24. This Application is being filed shortly thereafter.

The Proposed Order sets an expedited schedule to resolve any objections to Mr. Campagna's deposition, and it should be entered forthwith so that the deposition can be taken

by the end of February 2025 to ensure that both sides have access to the testimony in advance of opening statements.

**CONCLUSION**

For the reasons stated above, EFG respectfully requests that this Court grant the Application in full on an expedited and *ex parte* basis.

[*Signature Page Follows*]

**HURWITZ SAGARIN SLOSSBERG & KNUFF LLC**

*/s/ David A. Slossberg*
David A. Slossberg [ct13116]
Erica O. Nolan [ct31097]
Timothy C. Cowan [ct30786]
135 Broad Street
Milford, CT 06460
Tel: 203-877-8000
dslossberg@hssklaw.com
enolan@hssklaw.com
tcowan@hssklaw.com
***Attorneys to EFG Bank AG***

**KOBRE & KIM LLP**

Zachary D. Rosenbaum *(pro hac vice forthcoming)*
Darryl G. Stein *(pro hac vice forthcoming)*
Lydia L. Halpern *(pro hac vice forthcoming)*
800 Third Avenue
New York, NY 10022
Tel: 212-488-1200
zachary.rosenbaum@kobrekim.com
darryl.stein@kobrekim.com
lydia.halpern@kobrekim.com
***Of Counsel***

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Erica O. Nolan*
Erica O. Nolan