UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE:

APPLICATION OF EFG BANK AG FOR AN
ORDER UNDER 28 U.S.C. § 1782 TO TAKE
DISCOVERY FROM VINCENT PAUL
CAMPAGNA

Case No. 3:25-mc-00010

## DECLARATION OF MATTHEW JAMES SKINNER

I, Matthew James Skinner, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury:

1.      I submit this Declaration in support of the *ex parte* Application of EFG Bank AG ("EFG") for an Order under 28 U.S.C. § 1782 to Take Discovery from Vincent Paul Campagna ("the Application").

2.      I am a solicitor duly admitted to practice in England and Wales, and I am partner at the law firm of Allen Overy Shearman Sterling LLP based in London. I qualified as a solicitor in 1998.

3.      I make this Declaration based upon my personal knowledge of the facts set forth herein, my review of relevant documents, and my training and experience as a solicitor in England and Wales. If called as a witness, I would competently testify to the facts set forth herein

4.      I, along with my colleagues at Allen Overy Shearman Sterling LLP, represent EFG in proceedings filed against EFG on March 11, 2019 in the Commercial Court of England and Wales (a part of the High Court of Justice and the "English Court"), by the Public Institution for Social Security of Kuwait ("PIFSS") against defendants including EFG: Case Ref. CL-2019-

000118. Further civil claims were filed in the same court by PIFSS against additional defendants and have been consolidated (the "English Proceedings"). A 42-week trial in the English Proceedings is due to commence in March 2025.

5.    EFG seeks assistance from this Court to obtain testimonial and documentary evidence from Vincent Paul Campagna for use in the English Proceedings.

**BACKGROUND TO THE ENGLISH PROCEEDINGS**

6.    By the English Proceedings, PIFSS brings (or brought) claims against 45 defendants arising out of the allegedly corrupt activities of its former Director General, Mr. Fahad Maziad Rajaan Al Rajaan ("Mr. Al Rajaan"), between 1994 and 2014. The principal sums claimed exceed US $950 million. Attached hereto as **Exhibit 1** is a true and correct copy of PIFSS' Re-Re-Re-Re-Re-Re-Amended Consolidated Particulars of Claim, dated October 25, 2024 (which in the English Proceedings constitutes its statement of claim).

7.    EFG is part of a global private banking group with its headquarters in Switzerland and is one of the defendants in the English Proceedings. Mr. Al Rajaan held personal and corporate accounts at EFG, and PIFSS claims that EFG knowingly assisted Mr. Al Rajaan's wrongdoing and committed money laundering contrary to principles of Kuwaiti and/or Swiss law. Approximately US $450 million is claimed by PIFSS from EFG as damages. Attached hereto as **Exhibit 2** is a true and correct copy of EFG's Re-Re-Amended Defence, dated November 5, 2024.  Attached hereto as **Exhibit 3** is a true and correct copy of Mr. Al Rajaan's Re-Re-Re-Re-Amended Defence, dated November 8, 2024 ("Mr. Al Rajaan's Defence").

**NATURE OF THE EVIDENCE SOUGHT IN THIS DISTRICT**

8.    Wafra Inc. ("Wafra Inc."), previously known as Wafra Investment Advisory Group Inc., is an SEC-registered investment advisor incorporated in Delaware and headquartered in New York. Wafra Inc. is a wholly owned subsidiary of Wafra InterVest Corporation Ltd. ("WIC"), which

itself is wholly owned by PIFSS. A true and correct copy of Wafra Inc.'s SEC Registration Form ADV is available at https://adviserinfo.sec.gov/firm/summary/108673 and is attached hereto as **Exhibit 4**.

9.      It is my understanding that Mr. Campagna served as the Chief Operating and Chief Compliance Officer of Wafra Inc. and has been affiliated with Wafra Inc. since in or around December 1993.  Attached as **Exhibit 5** is a true and correct copy of Wafra Inc.'s SEC Form ADV dated March 26, 2021.

10.      ███████████████████████████████████████████████ ████████████████████ (the "Wafra Memo") ██████████████ ████████████████████████████████████████████████ ██████████████████████████████████ A true and correct copy of the Wafra Memo is attached hereto as **Exhibit 6**.

█ ███████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████

12.      Mr. Campagna and PIFSS' knowledge of Mr. Al Rajaan's entitlement to receive payments are central issues in the English Proceedings.

     a.      In English civil litigation, the parties have an obligation to disclose documents, which I understand is similar to discovery in civil litigation in the United States.

b.      Under English civil procedure rules, the key factual issues on which the case turns and in relation to which the parties are required to give disclosure are articulated by means of a "List of Issues for Disclosure" that is agreed between the parties and ultimately approved by the English Court. A true and correct copy of the List of Issues for Disclosure in the English Proceedings dated October 6, 2023 is attached hereto as **Exhibit 7**.

c.      One of the issues for disclosure in the English Proceedings is: "*What was PIFSS' understanding of Mr. Al Rajaan's entitlement to receive, and/or his receipt of, commissions or other payments (including benefits in kind) from financial institutions and/or financial intermediaries and/or introducers in respect of investments made by PIFSS?*"

d.      PIFSS agreed by letter dated December 29, 2023 from PIFSS' counsel (Stewarts Law LLP or "Stewarts") to counsel for EFG (then known as Allen & Overy LLP) to search terms that will be used in the context of their disclosure obligations. As part of this, PIFSS agreed to use the word "Campagna" as a keyword search term. A true and correct copy of that letter is attached hereto as **Exhibit 8**.

13.     The Wafra Memo suggests that Mr. Campagna is in a position to give testimony which is highly relevant to the English Proceedings. Mr. Campagna ███████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████.

4

14.    EFG therefore seeks to depose Mr. Campagna in relation to the matters addressed in the Wafra Memo. This evidence is highly relevant to the question of whether, as contended by Mr. Al Rajaan, PIFSS knew of (and thereby acquiesced in) the payment to him of substantial retrocessions or other compensation from financial institutions with whom PIFSS was investing (and/or intermediaries), including amounts sufficient to enable him to maintain an expensive lifestyle which would have been unsustainable on his PIFSS salary alone (see in particular paragraphs 4.8 and 4.10 of Mr. Al Rajaan's Defence).

15.    Mr. Campagna is not a party to the English Proceedings and PIFSS has not filed a witness statement from Mr. Campagna in the English Proceedings, nor has PIFSS indicated that it intends to call him as a witness. The deadline set by the English Court for filing factual witness evidence was September 18, 2024.

16.    PIFSS has not served witness statements from, nor indicated that it intends to call as a witness, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ nor any directors of PIFSS who served on the PIFSS board during any part of Mr. Al Rajaan's tenure. Nor has PIFSS served witness evidence from Wafra individuals addressing the Wafra Memo. Although PIFSS has filed witness statements of two individuals associated with Wafra—Fergus Healy and Richard Safranek—▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ (and Mr. Healy did not start working at Wafra Inc. until the end of Mr. Al Rajaan's tenure). Attached as **Exhibit 9** are true and correct copies of the Wafra website pages for Mr. Healy and Mr. Safranek as accessed on January 9, 2025.

**PIFSS' POSITION REGARDING SECTION 1782 DISCOVERY**

17.    On December 2, 2024, counsel for another defendant in the English Proceedings, the Man Group, submitted an application for discovery under Section 1782 in the United States District Court for the Southern District of New York (the "Man Group 1782

Application") which was docketed on December 5, 2024. Attached as **Exhibit 10** is a true and correct copy of the docket sheet from those proceeding as of January 16, 2025.

18.    The Man Group defendants had previously requested that PIFSS produce documents from WIC, Wafra Inc.'s parent corporation, in the English Proceedings, and PIFSS had represented that it did not have "possession or control" over WIC documents.  Attached as **Exhibit 11** is a true and correct copy of correspondence between Stewarts and Willkie Farr & Gallagher (UK) LLP, the attorneys representing the Man Group in the English Proceedings, dated September 10, 2024.

19.    When PIFSS did not produce the Wafra documents requested by the Man Group in the English Proceedings, Willkie Farr & Gallagher (UK) LLP wrote to Stewarts on October 29, 2024, stating that the Man Group had "instructed US counsel to start preparing an application in the US court to obtain, inter alia, the documents in question from Wafra." Attached as **Exhibit 12** is a true and correct copy of the October 29, 2024 letter from Willkie Farr & Gallagher (UK) LLP to Stewarts.

20.    PIFSS and the Man Group entered into a consent order in the English Proceedings on December 20, 2024 concerning the use of documents in the Man Group 1782 Application. Attached as **Exhibit 13** is a true and correct copy of that consent order.

21.    Between December 19, 2024 and January 10, 2025, my firm negotiated with Stewarts regarding a consent order allowing EFG to use documents produced by PIFSS by way of disclosure in the English Proceedings to pursue discovery under Section 1782 in the United States.

22.    On January 14, 2025, EFG and PIFSS entered into a consent order in the English Proceedings allowing EFG to use documents produced by PIFSS by way of disclosure

6

in the English Proceedings to pursue discovery under Section 1782 in the United States. A true and correct copy of that consent order is attached hereto as **Exhibit 14**.

23. The consent order requires EFG to use its best endeavors to maintain the confidentiality of any documents produced in the English Proceedings and used to pursue discovery before this Court. By January 7, 2025, there was an agreement in principle on this provision (although other provisions were still being negotiated prior to signing) and thus on that date, as counsel for EFG, my firm notified PIFSS by email that EFG intended to use the Wafra Memo in making this Application.

24. On the same date, Stewarts responded and requested that EFG submit the Wafra Memo under seal before this Court. A true and correct copy of the emails exchanged between my firm and Stewarts is attached hereto as **Exhibit 15**.

### CERTAIN MATTERS OF ENGLISH LAW

25. Based on my training and experience, I believe that the English Court hearing the English Proceedings will be receptive to the evidence sought by the Application. In general, the English courts are receptive to all evidence which could further the resolution of proceedings before them.

26. English courts are specifically receptive to evidence obtained in the United States through applications pursuant to 28 U.S.C. § 1782. The Supreme Court of England and Wales has found that "any party preparing his case in the High Court . . . is entitled to . . . try to obtain in a foreign country, by means lawful in that country, documentary evidence which they believe that they need in order to prepare and present their case." *South Carolina Insurance Co. v Assurantie Maatschappij "de Zeven Provincien" N.V.* [1987] A.C. 24. A true and correct copy of that decision is attached hereto as **Exhibit 16**.

27.      I am not aware of any proof-gathering restrictions under English law that would prohibit the discovery sought here.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Executed in London, United Kingdom on this 17 day of January 2025.


Matthew James Skinner

8